Affirmed and Memorandum Opinion filed October 5, 2006








Affirmed and Memorandum Opinion filed October 5, 2006.

 

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-05-00639-CR

_______________

 

MAURICE BALDWIN CANTY, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 180th District Court

Harris County, Texas

Trial Court Cause No. 1027811

                                                                                                                                               


 

M E M O R
A N D U M   O P I N I O N

Challenging his conviction for attempted capital murder,
appellant Maurice Baldwin Canty asserts in four issues that the evidence is
legally and factually insufficient to support his conviction because he lacked
the intent to shoot at or cause the death of the complainant.  We affirm.








I.  Factual and Procedural Background

On June 19, 2004, appellant and a companion, Chimere
Jolivette, shoplifted some electronic merchandise from the Wal-Mart store at
the corner of Dunvale and Westheimer in Houston.  Mark Camper, a loss
prevention officer for WalMart, saw them taking the merchandise and notified
the complainant, Dong Hoang, an off-duty uniformed Houston Police Department
officer working security at the store.  After discovering them with stolen
property, Hoang detained appellant and Jolivette near the front of the store,
handcuffed them, and escorted them back through the store to the security
office.  Camper and Gail Hogan, a cashier, accompanied them to the security
office.  An assistant store manager, Larry Britton, arrived at the security
office shortly thereafter.  Once inside the security office, Hoang formally
arrested appellant and Jolivette for shoplifting.  However, appellant refused
to allow Hoang to search him.  As Hoang called for back-up on his cell phone,
appellant drew a gun that he had concealed and fired, shooting Hoang in the
arm.  Hoang returned fire and shot appellant several times.

After being charged with the felony offense of attempted
capital murder, appellant pleaded not guilty.  A jury found appellant guilty of
the charged offense and assessed punishment at confinement for ninety-nine
years.  Challenging this conviction, appellant asserts four issues on appeal:

(1)-(2)  The evidence is legally and factually insufficient to support
the conviction of attempted capital murder because the record fails to show
that appellant intended to cause the death of the complainant.

(3)-(4) The evidence is legally and factually insufficient to support
the conviction of attempted capital murder because the State failed to prove
that appellant intentionally shot at the complainant.[1]








II. 
Analysis

In four issues,
appellant contends the evidence is legally and factually insufficient to
support his conviction for attempted capital murder.  Appellant was charged
with attempted capital murder under section 19.03(a)(1) of the Texas Penal
Code, specifically that he:

did then and there unlawfully, intentionally, with the specific intent
to commit the offense of CAPITAL MURDER of D. HOANG, hereafter styled the
Complainant, do an act, to-wit: SHOOT THE COMPLAINANT a peace officer acting in
the lawful discharge of an official duty WITH A DEADLY WEAPON, NAMELY A
FIREARM, which amounted to more than mere preparation that tended to but failed
to effect the commission of the offense intended, KNOWING AT THE TIME THAT THE
COMPLAINANT WAS A PEACE OFFICER.

Appellant contends
that the State failed to establish that he acted with specific intent to either
shoot the complainant or cause the complainant=s death, both
necessary elements of the offense of attempted capital murder.

In evaluating a
legal-sufficiency challenge, we view the evidence in the light most favorable
to the verdict.  Wesbrook v. State, 29 S.W.3d 103, 111 (Tex. Crim. App.
2000).  The issue on appeal is not whether we, as a court, believe the State=s evidence or
believe that appellant=s evidence outweighs the State=s evidence.  Wicker
v. State, 667 S.W.2d 137, 143 (Tex. Crim. App. 1984).  The verdict may not
be overturned unless it is irrational or unsupported by proof beyond a
reasonable doubt. Matson v. State, 819 S.W.2d 839, 846 (Tex. Crim. App.
1991).  The jury, as the trier of fact, Ais the sole judge
of the credibility of the witnesses and of the strength of the evidence.@  Fuentes v.
State, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999).  The jury may choose to
believe or disbelieve any portion of the witnesses= testimony.  Sharp
v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986).  When faced with
conflicting evidence, we presume the trier of fact resolved conflicts in favor
of the prevailing party.  Turro v. State, 867 S.W.2d 43, 47 (Tex. Crim. 
App. 1993).  Therefore, if any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt, we must affirm.  McDuff
v. State, 939 S.W.2d 607, 614 (Tex. Crim. App. 1997).








In contrast, when evaluating a
challenge to the factual sufficiency of the evidence, we view all the evidence
in a neutral light and inquire whether the jury was rationally justified in
finding guilt beyond a reasonable doubt.  Zuniga v. State, 144 S.W.3d
477, 484 (Tex. Crim. App. 2004).  A reviewing court may find the evidence
factually insufficient in two ways.  Id.  First, when considered by
itself, the evidence supporting the verdict may be too weak to support the
finding of guilt beyond a reasonable doubt.  Id.  Second, after weighing
the evidence supporting the verdict and the evidence contrary to the verdict,
the contrary evidence may be strong enough that the beyond-a- reasonable-doubt
standard could not have been met.  Id.  at 484B85.  In conducting
the factual-sufficiency review, we must employ appropriate deference so that we
do not substitute our judgment for that of the fact finder.  Id. at 481B82.  Our
evaluation should not intrude upon the fact finder=s role as the sole
judge of the weight and credibility given to any witness=s testimony.  Cain
v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  In conducting a
factual-sufficiency review, we must discuss the evidence appellant claims is
most important in allegedly undermining the jury=s verdict.  Sims
v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

The Texas Penal
Code defines criminal attempt as follows: AA person commits
an offense if, with specific intent to commit an offense, he does an act
amounting to more than mere preparation that tends but fails to effect the
commission of the offense intended.@  Tex. Penal Code Ann. ' 15.01(a) (Vernon
Supp. 2005).  As relevant here, capital murder is defined as intentionally or
knowingly causing the death of a peace officer acting in the lawful discharge
of an official duty, knowing that the person is a peace officer.  See id.
'' 19.02(b)(1),
19.03(a)(1) (Vernon Supp.  2005).  A specific intent to kill is a necessary
element of attempted murder.  Flanagan v. State, 675 S.W.2d 734, 741
(Tex. Crim. App. 1984).  The specific intent to kill may be inferred from the
use of a deadly weapon, unless the manner of its use makes it reasonably
apparent that death or serious bodily injury could not have resulted.  See
Godsey v. State, 719 S.W.2d 578, 580-81 (Tex. Crim. App. 1986); Flanagan,
675 S.W.2d at 743.








Because appellant admitted
on cross-examination and does not challenge on appeal that the weapon he was
carrying was a deadly weapon,[2]
and that he knew Hoang was a peace officer acting in the lawful discharge of an
official duty, we focus our analysis on evidence regarding appellant=s specific
intent.  A[T]he most obvious cases and the easiest ones in which
to prove a specific intent to kill[] are those cases in which a firearm was
used and was fired or attempted to have been fired at a person.@  Godsey,
719 S.W.2d at 581.  

In this case,
there is ample evidence from which the jury reasonably could have inferred
appellant=s specific intent to kill through his attempt to fire
at the complainant, Officer Hoang.[3]  
First, Wal-Mart store manager Larry Britton observed appellant aiming a gun and
trying to shoot at Hoang.  After he heard two clicking sounds and saw appellant
attempting to pull the trigger, Britton fled from the security office.  Gail
Hogan, the cashier who accompanied appellant and the others into the security
office, stated that appellant fired at Hoang after she heard two similar
clicking sounds, which she attributed to an attempt to fire the gun.  Chimere
Jolivette, appellant=s accomplice in the shoplifting, testified
that appellant pulled out a gun and tried to shoot Hoang.  She stated that she
heard two clicks; the first was an attempt to shoot that failed, and the second
click occurred when appellant shot the gun.[4] 
Additionally, Hoang testified that, while he was making a call for back-up on
his cell phone, he heard two clicking sounds.  When he looked at appellant, he
saw a gun in appellant=s hand.  As he moved towards appellant, he
heard appellant racking the gun and saw appellant aiming it at him, so he drew
his weapon and returned fire.  Wal-Mart loss prevention officer Mark Camper
also heard the two clicking sounds and the sound of appellant racking and
firing the gun before Hoang returned fire. 








To support his
sufficiency challenges, appellant argues that, because he and Hoang were very
close together, he would have had no trouble shooting Hoang had he tried.  He
asserts that because his gun only hit Hoang in the hand when it discharged, he
lacked the requisite specific intent to support an attempted capital murder
conviction.  Furthermore, appellant=s recollection of
the events in the security office differed from the accounts of the other
eyewitnesses.  Appellant testified that he was attempting to hand the gun over
to Hoang, telling him, AOfficer take the gun.@  Instead of
taking the gun from him, Hoang Aspooked out@ and began moving
towards Hoang, shooting at him.  Appellant could not remember whether his gun
accidentally discharged or went off when it hit the ground.[5] 
He explained the clicking sounds heard by the other witnesses as his handcuffs
clicking together. 

However, by its
verdict, the jury indicated it believed the accounts of the other eyewitnesses
rather than appellant=s version of events.  This court may not
re-evaluate the weight and credibility of the record evidence and thereby
substitute its judgment for that of the fact-finder.  Wilson v. State,
863 S.W.2d 59, 65 (Tex. Crim. App. 1993).  We conclude the evidence presented
in this case is legally and factually sufficient to support appellant=s conviction of
attempted capital murder.  Accordingly, we overrule appellant=s four issues and
affirm the judgment of the trial court.

 

 

/s/      Kem Thompson Frost

Justice

 

Judgment rendered
and Memorandum Opinion filed October 5, 2006.

Panel consists of
Justices Fowler, Edelman, and Frost.

Do not publish C Tex. R. App. P. 47.2(b).









[1]           Because many of the facts and legal
arguments overlap in appellant=s issues, we
address them together.





[2]           The Texas Penal Code=s definition of a deadly weapon includes Aa firearm or anything manifestly designed, made, or
adapted for the purpose of inflicting death or serious bodily injury.@  Tex. Penal
Code Ann. ' 1.07(a)(17)(A) (Vernon  Supp. 2005). 





[3]           The testimony of a single eyewitness is sufficient to
support a felony conviction.  See Bowden v. State, 628 S.W.2d 782, 784
(Tex. Crim. App. 1982).  





[4]           However, in her statement to police
immediately after the shooting occurred, Hogan stated that appellant tried to
shoot Hoang twice, then cocked the gun and shot again.





[5]           A Houston Police Department firearms expert
testified that it is not possible for the type of gun appellant used to
accidentally discharge when dropped because it has a trigger locking device
that physically prevents it from firing unless the trigger is pulled completely
back.